UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Edward Hawkins,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.:1:13-cv-100 |
| ) | |
| **Credit Bureau Collection Services, Inc.,** ) | |
| **d/b/a CBCS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Edward Hawkins, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Credit Bureau Collection Services, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 236 E. Town St., Columbus, OH 43215.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. On or about March 7, 2012, the Defendant sent a letter to the Plaintiff in an attempt to collect a debt to AT&T Southwest. *See Affidavit attached hereto as Exhibit "2".*

26. The aforementioned letter claimed that the Plaintiff owed a "principal balance" of $141.31 and a "collection fee" of $25.44, for a "total due" of $166.75. *See Exhibits "2" and "3".*

27. The Defendant provides for "contingency collections" which means that the Defendant would only charge AT&T Southwest if it collected the alleged debt, or some portion thereof, from The Plaintiff. *See a print out from the Defendant's website attached hereto as Exhibit "4".*

28. The Defendant did not obtain payment from the Plaintiff for the amount due.

29. The Defendant has not charged or billed AT&T Southwest, the original creditor, the sum of $25.44, or any other amount, for its attempts to collect the alleged debt.

30. The original creditor, AT&T Southwest, has not paid any collection fee to the Defendant.

31. The Plaintiff does not owe, and did not owe, a collection fee of $25.44 to the Defendant.

32. A debt collector may not attempt to collect any amount above the principal of the obligation, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law". *See* 15 U.S.C. sec. 1692f.

33. The Defendant bears the burden of proof that it is within the "unless" clause of sec. 1692f. *See e.g.*, Meacham vs. Knolls Atomic Power Lab, 128 S.Ct. 2395, 2400, 171 L.Ed.2d 283 (2008)("the burden of proving justification or exemption under a special exception to the prohibits of a statute generally rests on one who claims its benefits")(*quoting* FTC vs. Morton Salt Co., 334 U.S. 37, 44-45, 68 S.Ct. 822, 92 L.Ed. 1196, 44 F.T.C. 1499 (internal quotation marks omitted)).

34. The Defendant's attempt to collect a collection fee from the Plaintiff in the amount of $25.44 violates the FDCPA, as the collection of the aforementioned amount is not authorized by the agreement creating the debt, or allowed by law.

35. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 35 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. sec. 1692e when it deceptively attempted to collect a debt from Ms. Emberton in a false amount.

3. The Defendant violated 15 U.S.C. sec. 1692e when it misrepresented the amount of the alleged debt.

4. The Defendant violated 15 U.S.C. sec. 1692e when it deceptively attempted to collect a debt from Ms. Emberton in a false amount.

5. The Defendant violated 15 U.S.C. sec. 1692f when it used unfair means to attempt to collect a debt from Ms. Emberton by illegally inflating the amount of the alleged debt.

6. The Defendant violated 15 U.S.C. sec. 1692f when it unfairly attempted to collect a "collection fee" when said fee was not authorized by the agreement creating the debt or permitted by law.

7. The Defendant violated 15 U.S.C. sec. 1692g when it failed to send Ms. Emberton a written notice containing the correct amount of her alleged debt within 5 days after the initial communication with Ms. Emberton.

8. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com